LLULL, APPELLANT, *v.* REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Aguadilla denying admission to record of a voluntary mortgage.

No. 179.—Decided May 9, 1914.

POWER OF ATTORNEY—MORTGAGE EXECUTED BY ATTORNEY IN FACT—AMBIGUITY—RECORD OF TITLE.—When, as in the case at bar, an attorney in fact executes a mortgage to secure a debt and the pertinent clause of the mortgage is ambiguous as to whether the debt was contracted by the principal or by the agent, the latter having no express authority to borrow money in the name of his principal or to confess debts, a refusal to admit the mortgage to record is warranted on the ground of ambiguity.

The facts are stated in the opinion.

*Mr. José de Diego* for the appellant.

Mr. Rafael Tirado Verrier, the registrar, filed a brief *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal involves the question whether an attorney in fact was authorized to make the deed which was refused record by the Registrar of Property of Aguadilla.

As the deed was called a mortgage and as one of the grounds of refusal was that the attorney in fact was not authorized to borrow money, we thought that the appeal involved a question similar to the one decided in the case of *Villar* v. *Registrar of Property,* 17 P. R. R., 412, in which two of the justices of this court dissented, but a closer examination of the record leads us to a conclusion that the two cases are different.

The pertinent part of the note of the registrar is as follows:

"Admission to record of the mortgage to which the foregoing document relates is denied for the reason that because of the ambi-

guity of the fourth clause of the contract in question it cannot be determined, free from all doubts, whether the money secured by the mortgage was received from Balbina del Carmen Rodríguez y Díaz or by her attorney in fact, Juan Pedro Mata y Rodríguez, and in the latter case the mortgage would secure a loan made to the latter for the principal and because the power of attorney does not give Mata y Rodríguez power to borrow money.''

The fourth clause under consideration is as follows:

''Juan Pedro Mata y Rodríguez as attorney in fact of his mother, Balbina del Carmen Rodríguez, confesses that his principal owes a thousand dollars which (he or she) received (*recibió* without antecedent expressed) for various purposes and which she promises to return on December 26, 1914.''

Now, while the registrar refuses the record partially on the ground that the attorney in fact was not authorized to borrow money, the real ground of the refusal was the ambiguity of the fourth clause of the contract. Perhaps, if the refusal was on the sole ground of the lack of power to borrow money, the question to decide would be similar to the one decided in the case of *Villar* v. *Registrar of Property,* 17 P. R. R., 412, but the doubt is whether the money was received by the principal or by the attorney in fact.

The power of attorney does not by its terms give authority to the attorney in fact to borrow money, and we are sent to examine such power of attorney to see if it gives him authority to confess debts contracted by his principal.

The essential words are:

''That she confers general power of attorney upon her son, Juan Pedro Mata y Rodríguez, married, of age and a resident of Aguada, in order that in her name and as her representative her said son may manage the properties which she has now and may acquire in the future with power to collect their rents and profits, make contracts of lease thereof and collect on the same, bring and defend such suits in the courts as he may deem advisable and do and perform all things which a zealous and wise manager may do. Her said son may execute deeds of sale and purchase and mortgages as her

representative, pay debts and taxes, settle credits and suits in her name and perform all kinds of acts related to her properties in the same manner and with all the power and authority with which his principal, Señora Rodríguez, could perform them, and all the acts performed by the attorney in fact, Juan Pedro Mata, shall have the same force and effect as if they had been performed by Señora Rodríguez.''

There is here no authority to confess debts and as the words of the fourth clause may ambiguously refer to the debt contracted by the principal, Balbina del Carmen Rodríguez, the note of the registrar must be affirmed on the ground of ambiguity.

Even if the words of the fourth clause should have referred to money borrowed by the attorney in fact, as the appellant maintains, the ruling of this court in *Villar* v. *Registrar of Property,* 17 P. R. R., 412, would have to prevail, namely, that in the absence of an express authority the power to mortgage did not include the power to borrow money. However, the fourth clause is ambiguous and the note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.